to release the assets to the assignor"; but it will be noted that the liability which is thereby extinguished is limited to that due the "compounding creditors appearing or duly cited," which, of course, implies that the notice to creditors, required by the statute and rules to obtain jurisdiction over creditors, has been duly given. If the parties, the assignor, assignee, and surety, are themselves satisfied that all of the creditors and the amounts of their respective claims have been fully and accurately ascertained, and if they desire to prevent the continuance of the usual indemnity agreement between assignee and surety, and the periodical recurrence of liability for premium on the bond of the assignee, they may respectively make, and consent to, as a matter of record, the desired reconveyance of their own responsibility; but the desirability of resolving the contractual relations between the assignor, assignee, and surety constitutes no reason for a departure by the court from the express provisions of the statute and rules, designed for the ascertainment of all of the cestuis que trustent.

[2] A further objection to granting the relief desired in this specific instance is that the composition agreement provides that the desired discharge of assignee and surety shall not be granted until the receipt by the respective creditors of the cash and notes provided for by the composition agreement, and that there is no proof of such payment and delivery beyond the affidavit of the assignor, who is, of course, solicitous for the return of his property. However true such allegations may be, as, no doubt, they are in this case, they have never been regarded as sufficient by this court, which insists upon the production of receipts or vouchers signed by the creditors themselves as the best evidence of the accord and satisfaction which is expressly required by the composition agreement.

For these reasons, the application must be denied without prejudice, and with leave to renew after compliance with the requirements of the statute and of subdivision 23 of Special Term rule 6 of this court.

---

## VAN TUYL v. SULLIVAN et al.

(Supreme Court, Appellate Division, Second Department.   December 8, 1915.)

1. BANKS AND BANKING ⬳49—INSOLVENCY—LIABILITY OF STOCKHOLDER—
   SUIT OF SUPERINTENDENT OF BANKS—PARTIES.

   The superintendent of banks could sue the stockholders of an insolvent banking corporation to enforce their statutory liability in his own name, and not in the name of the bank, despite Banking Law (Consol. Laws, c. 2) § 19, as amended by Laws 1910, c. 452, to provide that, for the purpose of executing and performing any of the powers and duties conferred upon him, the superintendent of banks may, "in the name of the delinquent corporation or individual banker," prosecute and defend any and all suits and legal proceedings, since the statute relates only to actions relating to the bank's property or business.

   [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 71–81½, 513, 534, 535; Dec. Dig. ⬳49.]

---

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. BANKS AND BANKING ⬅—44—INSOLVENCY—STOCKHOLDER'S LIABILITY—
SUIT BY SUPERINTENDENT OF BANKS TO ENFORCE—STATUTES.

The statutes giving the superintendent of banks power to bring suits
to enforce the statutory liability of the stockholders of insolvent bank-
ing corporations are not unconstitutional.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig.
§ 63; Dec. Dig. ⬅—44.]

3. BANKS AND BANKING ⬅—49—INSOLVENCY—LIABILITY OF STOCKHOLDERS—
ENFORCEMENT—PARTIES DEFENDANT.

In suit by the superintendent of banks to enforce the statutory liability
of the stockholders of an insolvent banking corporation, the bank itself is
not a necessary party defendant, though a proper party.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig.
§§ 71–81½, 513, 534, 535; Dec. Dig. ⬅—49.]

4. BANKS AND BANKING ⬅—49—INSOLVENCY—LIABILITY OF STOCKHOLDERS—
ENFORCEMENT AT LAW.

Where the disparity between the assets and the liabilities of an insolv-
ent banking corporation was so great that each stockholder would be re-
quired to pay the full amount of his statutory liability, the superintendent
of banks could sue the stockholders at law to recover their statutory lia-
bility, as there was no need of an accounting in equity.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig.
§§ 71–81½, 513, 534, 535; Dec. Dig. ⬅—49.]

5. PLEADING ⬅—216—DEMURRER—SCOPE.

A demurrer to a pleading raises the question only whether the facts
stated constitute a cause of action, and not whether the facts exist as
pleaded.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 535–539; Dec.
Dig. ⬅—216.]

6. PLEADING ⬅—193—DEMURRER—PRAYER FOR RELIEF.

A pleading which states a cause of action, either at law or in equity,
is not rendered demurrable by an erroneous prayer for relief.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 425, 428–435,
437–443; Dec. Dig. ⬅—193.]

7. BANKS AND BANKING ⬅—44—INSOLVENCY—LIABILITY OF STOCKHOLDERS—
STATUTE—"ALL DEBTS AND LIABILITIES OF EVERY KIND."

Stock Corporation Law (Consol. Laws 1909, c. 59) § 59, providing that
no stockholder shall be personally liable for any debt of the corporation
not payable within two years of the time it is contracted, construed to
limit the liability of stockholders of an insolvent bank to the debts of the
bank payable within two years from the time they were contracted, is
unconstitutional, as violative of Const. art. 8, § 7, providing that the
stockholders of every corporation and joint-stock corporation for banking
purposes shall be individually liable to the amount of their respective
shares for all debts and liabilities of every kind.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig.
§ 63; Dec. Dig. ⬅—44.]

8. BANKS AND BANKING ⬅—47—INSOLVENCY—LIABILITY OF STOCKHOLDERS—
DEBTS OF BANK—REDUCTION OF JUDGMENT—NECESSITY.

Judgment need not be recovered and execution returned unsatisfied
upon debts of an insolvent bank to subject the stockholders to their statu-
tory liability therefor.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig.
§§ 62, 64–68, 341; Dec. Dig. ⬅—47.]

9. BANKS AND BANKING ⬅—49—INSOLVENCY—LIABILITY OF STOCKHOLDERS—
ENFORCEMENT BY SUPERINTENDENT OF BANKS—LEAVE TO SUE.

The superintendent of banks may sue to enforce the statutory liability
of stockholders of an insolvent bank without first obtaining leave of

⬅—For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

court, since his powers are statutory and there is nothing in the statute to indicate that he is required to make application to the court to be permitted to perform the duties imposed upon him.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 71-81½, 513, 534, 535; Dec. Dig. ⬤➡49.]

Appeal from Special Term, Kings County.

Action by George C. Van Tuyl, Jr., as Superintendent of Banks, etc., against David A. Sullivan and others, impleaded with Henry F. Birgel and others. Judgment for plaintiff on demurrers, and defendants appeal. Affirmed.

The following is the opinion by Jaycox, J., at Special Term:

This action is instituted by the superintendent of banks of the state of New York to enforce the statutory liability of the defendants as stockholders of the Union Bank of Brooklyn, an insolvent banking corporation. Some of the defendants have demurred to the complaint. They have interposed a number of separate demurrers. The grounds stated for such demurrers are: First. Because the plaintiff has no legal capacity to sue, for the reason that (a) suit must be in the name of the bank; (b) in general, the statutes attempting to give the superintendent of banks power to bring suits of this character are unconstitutional. Second. Because the Union Bank is not made a party. Third. Because the complaint does not state facts sufficient to constitute a cause of action.

[1] Subdivision (a) of the first ground of demurrer above stated is based upon the amendment to section 19 of the Banking Law by chapter 452 of the Laws of 1910, which, among other things, added a provision to said section that: "For the purpose of executing and performing any of the powers and duties hereby conferred upon him, the superintendent may, in the name of the delinquent corporation or individual banker, prosecute and defend any and all suits and other legal proceedings." Defendants claim under this provision that this action must be instituted in the name of the bank. This contention is based upon the statute above quoted, and also upon two decisions of the Appellate Division. One is Van Tuyl v. New York Real Estate Security Co., 153 App. Div. 409, 138 N. Y. Supp. 541; the other is Richardson v. Cheney, 146 App. Div. 686, 131 N. Y. Supp. 594. I am of the opinion that these decisions do not apply to the present action. These decisions were rendered in actions relating to property of the insolvent bank. In the first case the cause of action which the superintendent of banks endeavored to enforce had belonged to the bank. The bank was still in existence, and there was no reason why the action should not be conducted in the name of the bank. In the second action, Richardson v. Cheney, the opinion of Mr. Justice Laughlin, as quoted in the brief of some of the defendants, is plainly placed upon the ground "that any action with respect to the property or business of the bank should be brought by or against the corporation." This cause of action does not belong to the bank, never was the property of the bank, and was one that the bank could not enforce. It has been plainly and unequivocally held since the enactment of the statute in question that an action of this character may be maintained in the name of the superintendent of banks. George C. Van Tuyl, as Supt., v. Joseph G. Robin, 80 Misc. Rep. 360, 142 N. Y. Supp. 535, affirmed by the Appellate Division, First Department, 160 App. Div. 41, 145 N. Y. Supp. 121. It will be noted that Mr. Justice Laughlin, whose opinion is quoted by the defendants concurs in upholding the complaint in Van Tuyl v. Robin, thereby holding that the superintendent has capacity to sue upon some causes of action. I think this conclusion is borne out by the decision in Van Tuyl v. Scharmann, 208 N. Y. 53, 101 N. E. 779. This action was decided in April, 1913. Chapter 452 of the Laws of 1910 had then been in force for several years. This question was not involved, but it appeared right on the surface. I cannot believe that it was overlooked, or that the court purposely remained silent upon the subject, if it was its opinion that the plaintiff did not have capacity to sue.

[2] The subdivision of this objection designated as (b) I think, is without merit, and has already been passed upon in Van Tuyl v. Robin, supra.

[3] The objection that there is a defect of parties defendant, and that the Union Bank should have been made a party defendant, was decided adversely to the demurrants in Van Tuyl v. Scharmann, 208 N. Y. 53–63, 101 N. E. 779, where it is held that the Lafayette Trust Company was not a necessary party to that action, and the court says: "We conclude that, while the company may be a proper party defendant, it is not a necessary party."

[4] Under the objection that the complaint does not state facts sufficient to constitute a cause of action, various grounds of objection are raised. First, it is urged, under Cheney v. Scharmann, 145 App. Div. 456, 129 N. Y. Supp. 993, that the action must be for an accounting, and not an action at law. I recognize the force of the reasoning in that case, and am convinced that in the situation there presented an action in equity was the proper form of action. I am not convinced, and do not think the court intended to hold, that no situation could arise in which an action at law could not be prosecuted to enforce the liability of the stockholders under the statute. Whether an action at law will lie herein, I think, depends entirely upon the facts pleaded. If the pleader, as in this case, gives the amount of the assets and the amount of the liabilities, and there is such an apparent disparity between them that each stockholder will be required to pay the full amount of his statutory liability, I can see no good purpose to be served by bringing an action in equity for an accounting.

[5] Some of the arguments presented upon the demurrers are to the effect that this disparity is more apparent than real. That may be true, but I am not called upon to determine that question upon this motion. It may be that the plaintiff will be unable to prove his cause of action as alleged, but I am not concerned with that question. I am only determining whether the facts stated constitute a cause of action. In so far as the statement of the facts necessary to constitute an action for the statutory liability, I am of the opinion that the pleader has alleged facts sufficient. I am also of the opinion that these facts are sufficient to avoid the necessity of an accounting in equity. I have so far discussed this question upon the assumption that defendant's contention that this is an action at law is correct. I am of the opinion that it is not. The ultimate relief sought is the payment by the defendants severally of the amounts for which they are liable under the statute. The court is, however, first required to determine who the stockholders are, the number of shares they severally own—in effect, that the amount of the deficiency may be ascertained and the defendants be adjudged to pay such deficiency equally and ratably.

[6] Even if the prayer for relief is erroneous, the complaint is not rendered demurrable thereby. If the facts alleged in the complaint justify a recovery, either in law or equity, it cannot be held that the demurrer is well taken, although the pleading may be open to correction by motion or otherwise. Abbey v. Wheeler, 170 N. Y. 122–127, 62 N. E. 1074.

[7] Another ground of objection is that the complaint does not show a compliance with section 59 of the Stock Corporation Law. As to the defendants' claim that under the decision in Hirshfeld v. Bopp, 145 N. Y. 84, 39 N. E. 817, it must be shown that the debts constituting the bank's liabilities were payable within two years from the time they were contracted and that the stockholders' liability is limited to these debts. I think this provision of the statute, if it be applicable to this situation, contravenes article 8, section 7, of the Constitution, which provides: "The stockholders of every corporation and joint-stock association for banking purposes, shall be individually responsible to the amount of their respective share or shares of stock in any such corporation or association, for all its debts and liabilities of every kind."

[8] The claim that judgment must be recovered and execution returned unsatisfied upon these debts is conclusively answered by the reasoning of Mr. Justice Woodward in Cheney v. Scharmann, 145 App. Div. 456, at page 469, 129 N. Y. Supp. 993.

[9] But one more objection is made, and that is that no leave of court for plaintiff to sue has been obtained. While plaintiff's position is in some as-

pects analogous to that of a receiver, as was pointed out in the Matter of Union Bank, 204 N. Y. 313, 97 N. E. 737, in many other aspects it is essentially different. His powers are statutory, and there is nothing in the statute to indicate that he is required to make application to the court to be permitted to perform the duties which the statute imposes upon him.

Motion for judgment is granted, with $10 costs in each instance, with leave to each of said defendants to plead over within 20 days upon payment of such costs.

Argued before JENKS, P. J., and CARR, STAPLETON, MILLS, and PUTNAM, JJ.

Wm. G. Cooke, of New York City (Howard O. Wood, of New York City, on the brief), for appellants.

Joseph G. Deane, of New York City, for respondent.

PER CURIAM. Order overruling demurrers affirmed, with $10 costs and disbursements, upon the opinion of Mr. Justice Jaycox at Special Term.

---

# FRACHTMAN v. FOX.

(Supreme Court, Appellate Term, First Department. December 20, 1915.)

MASTER AND SERVANT &lrm;&#9755;30—GROUNDS FOR DISCHARGE.

An employé, given a Christmas gift by his employer, wrote the employer a letter in which he stated that he was returning "with many thanks your valuable set of cuff links, because I have at least four sets of diamond set buttons which are practically doing no service whatsoever, and, since they will only have to lay around, I would prefer to have you give them to some one who could make use of them." Held, that the employé had a right to decline any gift his employer sought to bestow, and the letter was not wanting in due courtesy and respect in the exercise of such right, and neither the refusal of the gift nor the tone of the letter furnished any adequate reason for his discharge.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 30–36; Dec. Dig. &#9755;30.]

Appeal from City Court of New York, Trial Term.

Action by Morris Frachtman against Charles L. Fox. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued December term, 1915, before GUY, PAGE, and PHILBIN, JJ.

Philip Baum, of New York City (Joseph G. Cohen, of New York City, of counsel), for appellant.

Barnett & Jablow, of New York City (Ralph Barnett and Morris Jablow, both of New York City, of counsel), for respondent.

PHILBIN, J. The plaintiff sues to recover damages for a breach of a contract of employment caused by the alleged wrongful discharge of the plaintiff. The defendant conducted a dental office, and employed the plaintiff as a dentist therein for a term which had yet some months to run at the time of said discharge. The sole cause assigned